```
 1
 2
 3
 4
 5
 6
 7
 8                      IN THE UNITED STATES DISTRICT COURT
 9                     FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   LARON M. PRESTLEY, SR.,              No. CIV S-11-0072 CMK P
12            Plaintiff,
13       vs.
14   GEGORY J. AHERN, et al.,             ORDER
15            Defendants.
16   _____/
```

17      Plaintiff, a federal prisoner proceeding pro se, has filed a civil rights action

18 pursuant to 28 U.S.C. § 1331. Plaintiff has not filed a request to proceed in forma pauperis or

19 paid the filing fee.

20      The federal venue statute requires that a civil action, other than one based on

21 diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all

22 defendants reside in the same State, (2) a judicial district in which a substantial part of the events

23 or omissions giving rise to the claim occurred, or a substantial part of property that is the subject

24 of the action is situated, or (3) a judicial district in which any defendant may be found, if there is

25 no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

26 ///

1   In this case, the defendants are located and the claim arose in Alameda County, which is in the Northern District of California.  Therefore, plaintiff's claim should have been filed in the United States District Court for the Northern District of California.  In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.

DATED:  January 21, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE