UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

LARON M. PRESTLEY, SR.,

    Plaintiff,

  vs.

GEGORY J. AHERN, E. BACK, D. BORG, TEMP, KYLES, and HOLMES,

    Defendants.

No. C 11-0415 PJH (PR)

**ORDER EXTENDING TIME TO FILE COMPLETE IN FORMA PAUPERIS APPLICATION**

    This is a civil rights case that originally was filed in the United States District Court for the Eastern District of California. Because the claims arose in San Francisco, which is in this district, the Eastern District court transferred it here.

    Plaintiff had not paid the filing fee or applied for leave to proceed in forma pauperis ("IFP") at the time the case was transferred  The clerk sent him a notice to that effect and told him that unless he did one or the other within thirty days, the case would be dismissed. The clerk included a form for applying for IFP status and a prepaid envelope with the notice.

    Plaintiff filed an IFP application and about two weeks later provided a letter in support. Plaintiff says in the application that he is in a halfway house, and that he nets $398.00 biweekly. He does not list any expenses. In the letter he says that "this is all the income I received at the moment," apparently a reference to an attachment, but there is no attachment. In the letter he refers to his income as being $294.00, rather than the $398.00 given in the application, and also says that he pays twenty-five percent of his income to the halfway house. Because the letter is not signed under penalty of perjury, however, it

cannot supply the deficiencies of the application.

In addition, page five of the IFP application, the certificate of funds in prisoners's account, is not signed by an authorized officer of the institution, as required, and plaintiff has written "N/A" in blanks for average income and average balance. He also has not supplied the printout of transactions in his inmate account required by 28 U.S.C. § 1915(a)(2).

It may be that the halfway house where plaintiff is housed does not maintain trust accounts for the residents, but the court has received complaints and habeas petitions from litigants at halfway houses who were able to provide the certificate and the required printout of six months of transactions in an inmate account. If the halfway house does not maintain an inmate trust account for him, plaintiff should simply say so.

The application is not sufficient to establish that plaintiff is entitled to proceed IFP. He will be afforded one last chance to remedy the deficiency. Plaintiff is **GRANTED** thirty days from the date this order is entered to file another, complete, application for leave to proceed IFP. If he is unable to provide the signed certificate (page five) or the printout of funds, he must explain why not. If a satisfactory application is not filed within thirty days, or the filing fee of $350 paid, this case will be dismissed.

**IT IS SO ORDERED.**

Dated: July 5, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.11\PRESTLEY0415.EXT-IFP.wpd

2